IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02754–MSK–KMT

LIBERTY MEDIA HOLDINGS, LLC,

    Plaintiff,

v.

PROTECTED DOMAIN SERVICES CUSTOMER NCR-3356109 d/b/a SITERIPKING.COM, and
JOHN DOES 2-10,

    Defendants.

## ORDER

    This matter is before the court on "Plaintiff's *Ex Parte* Motion for Early Discovery." (Doc. No. 8, filed Oct. 28, 2011) as well as "Plaintiff's Motion to Reschedule Rule 16(b) Scheduling Conference" (Doc. No. 10, filed Nov. 8, 2011).  In this case, Plaintiff alleges that Defendants infringed Plaintiff's copyrights and trademarks by illegally copying, or "ripping," Plaintiff's websites or material from Plaintiff's websites.  (*See* Doc. No. 1, filed Oct. 21, 2011 [Compl.].)

    In its Motion, Plaintiff seeks a court order authorizing it to conduct discovery before the parties have conferred pursuant to Fed. R. Civ. P. 26(f) in order to discover Defendants' identities.  Specifically, Plaintiff proposes to serve discovery requests on Name.com, the company that provides domain registration and hosting services to the siteripking.com website at

issue in this case, and Google, the company that serves as the web host for siteripking.com. Plaintiff also proposes to serve interrogatories and depositions on any individual identified by the primary discovery served on Name.com and Google to determine the identities of any remaining unidentified defendants.

Circumstances arise "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (internal citations omitted); *see also Tracfone Wireless, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009). Plaintiff believes there are no practical measures it could take to uncover the identity of Defendants without formal discovery.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order." Fed.R.Civ.P. 26(d); *Arista Records, LLC v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008). In this district, courts have permitted such expedited discovery upon a showing of good cause. *Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire*

*Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

The court finds that good cause exists to permit Plaintiff to conduct expedited discovery to ascertain the identities of Defendants. Indeed, this case is similar to *Arista Records*, where the court permitted expedited discovery to identify defendant allegedly engaged in copyright infringement by downloading and distributing the plaintiffs' recording using an 'online media distribution system. 551 F.Supp.2d at 3. There the court found that the plaintiffs had set forth good cause for expedited discovery because the "[d]efendants must be identified before this suit can progress further." *Id.* at 6.

Much like the *Arista Records* defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities. Additionally, 47 U.S.C. § 551 prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure." 47 U.S.C. § 551(c)(2)(B). Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery. Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery for the limited purpose of

discovering Defendants' identities.

Therefore, it is

ORDERED that "Plaintiff's *Ex Parte* Motion for Early Discovery" (Doc. No. 8) is GRANTED.  Plaintiff is authorized to conduct discovery prior to the Fed. R. Civ. P. 26(f) conference,  for the limited purpose of discovering Defendants' identities.

It is further

ORDERED that "Plaintiff's Motion to Reschedule Rule 16(b) Scheduling Conference" (Doc. No. 10) is GRANTED. The Scheduling Conference presently set for January 17, 2012 at 10:00 a.m. is VACATED.  The Scheduling Conference will be reset by separate order.

Dated this 9th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge