Marc J. Randazza, Esq.,
6525 Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. 1:11-cv-02754-MSK-KMT |
| Plaintiff, | **PLAINTIFF'S *EX PARTE* MOTION FOR ALERNATIVE SERVICE** |
| vs. | |
| SHENG GAN f/k/a PROTECTED DOMAIN SERVICES CUSTOMER NCR-3356109 d/b/a SITERIPKING.COM and JOHN DOES 2-10 | |
| Defendant. | |

This Ex Parte Application is made for an Order permitting Plaintiff Liberty Media Holdings (Liberty) to serve the Summons and Complaint on Sheng Gan f/k/a Protected Domain Services Customer NCR-3356109 using alternative methods of service of process pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), by email to the Defendant's email addresses that have been discovered so far.

In light of the pending service deadline this motion is filed respectfully seeking expedited return.

## I. INTRODUCTION

The Plaintiff, Liberty Media Holdings (hereinafter "Liberty") is the victim of a widespread campaign by individual and corporate copyright infringers. They do so to profit from either selling memberships to view the copyrighted materials or using the materials to earn click-through advertising fees, or affiliate fees. The Defendants in this action have all targeted Liberty's copyrighted motion pictures and are using them to drive traffic to their websites.

SiteRipKing.com is owned and operated by an individual, Sheng Gan, a Chinese national residing in Costa Rica. See **Exhibits A, B**. Gan took steps to keep his identity hidden (for obvious reasons), and at the time of filing the original complaint, was only identifiable as "Protected Domain Services Customer NCR-3356109." Enough information has now been found to identify the Defendant as Sheng Gan, a Chinese national who resides in Tangulms, Costa Rica. His actual street address is unknown and not able to be found, despite the Plaintiff's diligent efforts. See Declaration of Erika Dillon ¶ 11-35 (hereinafter "Dillon Dec.").

Upon receiving the Court's Order on the Plaintiff's Ex Parte Motion for Early Discovery (ECF 12), Plaintiff served a subpoena upon Name.com and Google. The discovery resulting from the Name.com subpoena contains a list of addresses, email addresses and account transaction details. **Exhibit A.** This information points to a Sheng Gan who resides in Tangulms, Costa Rica. Gan utilizes the email addresses support@siteripking.com and kankaqui@gmail.com to correspond with the companies providing support services to the SiteRipKing.com website. However, he provides no street address in Costa Rica nor in China.

2

**Exhibit A.** The Plaintiff conducted extensive research trying to find a physical address for Gan to no avail. Dillon Dec. ¶ 11-35. Therefore, service on the Defendant will be best achieved using alternate means of service pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2). This should include permitting service via email.

Good cause exists for the relief requested herein because the location listed on the relevant Whois information for the infringing domain is incomplete. The current Whois entry lists Gan's address as "Tangulms Tangulms; Costa Rica; Costa Rica; 10903." See **Exhibit B**. Early discovery revealed information that the Defendant previously resided in Beijing, China. However, no street address was provided for Beijing either. The Defendant's actual physical address is unknown and unascertainable after great effort. Dillon Dec. ¶ 11-35. This Defendant will continue to evade service if alternate service is not granted.

This motion is made pursuant to the express provisions of Fed. R. Civ. P. 4(f)(3), 4(h)(2) and 4(m). The relief sought is not extraordinary. The Plaintiff is not required to take steps to find a Defendant before requesting this type of service. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013-1017 (9th Cir. 2002) ("[S]ervice by email was proper," and "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"). Nevertheless, the Plaintiff did take extensive steps to locate Gan before troubling the Court with a request for this relief. Given that the Defendant is clearly taking steps to avoid being found, this requested relief is, indeed, a last resort.

## II. THE COURT SHOULD ISSUE AN ORDER PERMITTING SERVICE THROUGH ALTERNATE METHODS

**A.      Service via Email is Proper Under the Circumstances.**

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be *reasonably calculated ... to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections.  See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Service by email is widely approved of after the 9th Circuit allowed it in the landmark case, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).  It should be permitted in this case.

**B.      Rule 4(f)(3) and (h)(2) Entitles Plaintiff to an Ex Parte Order Permitting Alternate Methods of Service, Including by Email and Upon an Attorney.**

Fed R. Civ. P. 4(f)(3) and 4(h)(2) provide for "Service" "upon Corporations" and "Upon Individuals in a Foreign Country … by other means not prohibited by international agreement as may be directed by the court," which enables the court on <u>ex parte</u> motion to devise a method of service responsive to the unique facts of the particular case, including service by mail to the defendant's last known address, by ordinary mail, by email, or other means.  Fed. R. Civ. P. Rule 4, Notes.  Rule 4 does not require that a party attempt service of process by the methods enumerated in Rule 4(f)(2), including by diplomatic channels before petitioning the court for alternative relief under Rule 4(f)(3).  *Rio Props.*, 284 F.3d at 1014-15.

In *Rio Props.* the Ninth Circuit endorsed a district court order authorizing service on a Costa Rica resident defendant by email.  *Rio Props.*, 284 F.3d 1007.  The *Rio* court was confronted with a foreign defendant that was difficult to locate but maintained an email address for business purposes.  *Id.* at 1012-13.  The court found that electronic service was permissible,

4

"wholeheartedly" adopting the reasoning that "[e]lectronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut." *Id.* at 1017 (quoting *New England Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 81 (S.D.N.Y. 1980)).

Since *Rio*, electronic service by email or facsimile under Rule 4(f)(3) has been widely approved of. See *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08-CV-2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (authorizing service by e-mail). See also *Bank Julius Baer & Co. Ltd. v .Wikileaks*, No. C. 08-00824 JSW, 2008 WL 413737 (N.D.Ca. Feb. 13, 2008) (authorizing e-mail service); *D'Acquisto v. Triffo*, 2006 WL 44057 (E.D. Wis. 2006) (same); *Williams v. Adver. Sex, LLC*, 231 F.R.D. 483, 488 (N.D. W. Va. 2005) (same); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email, facsimile and ordinary mail); *New England Merchs. Nat'l Bank*, 495 F.Supp. at 80 (authorizing service by telex, a precursor to facsimile correspondence); *Popular Enter's. v. Webcom Media Grp. Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004); *Liberty Media Holdings, LLC v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. 2011) (authorizing email service).

The court in *Rio Props.* concluded that after "examining the language and structure of Rule 4(f) and the accompanying advisory committee notes," there is "the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' … It is merely one means among several which enables service of process on an international defendant." 284 F.3d at 1015, 1017 (internal citations omitted). See also *Viz Commc'ns Inc. v.*

*Redsun*, 2003 WL 23901766 (N.D. Cal. 2003) (district court has discretion to allow service by email; email was the sole means of contact on defendants' website; defendants were playing hide-and-seek with the federal court and email may be the only means of effecting service of process; and the court found that the defendants were informed sufficiently of the pendency of the lawsuit and the Constitution required nothing more); *Popular Enter's.*, 225 F.R.D. 560 (service of process upon a trademark infringement foreign defendant by email was warranted and sufficiently apprised the interested parties of the pendency of an action).

> As the *Popular Enter's.* Court held, relying upon *Rio Props.*:
>
> Accordingly, the court concludes that, under the facts in this action, service upon defendant by email is fully authorized by *Federal Rule of Civil Procedure 4(f)(3)*. Indeed, it is the method of service most likely to read defendant. Service of process by email is reasonably calculated to apprize defendant of the pendcy of this action and affoird it an opportunity to respond. As stated by the Ninth Circuit Court of Appeals, "when faced with an international e-buisness scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Rio*, 284 F. 3d at 1018. Such is the case here.

*Popular Enter's.*, 225 F.R.D. at 563

The facts in the instant action are similar to that in *Rio Props.*, in which the alternative method of service by email was permitted. The Defendant in the instant action is located abroad. Indeed, he is in the same country as the Defendants in *Rio Props.* – Costa Rica. The Defendant is hiding his precise geographic location. There is no other way that the Defendant could be reliably served, and the Plaintiff has made extensive attempts to find a way do so by using early discovery and other investigative means. Dillon Dec. ¶ 11-35.

Plaintiff has engaged in diligent efforts to find the Defendant, including contacting the domain name's registrar, and has engaged in research aimed at finding a reliable and accurate

street address for him. Dillon Dec. ¶ 11-35. Plaintiff has been unable to physically locate the Defendant's true location beyond that he is located somewhere in the town of Tangulms, Costa Rica. The Defendant's current contact information in Name.com's databases shows a partial Costa Rica address, which was revealed when the Defendant's privacy services stripped the Defendant's anonymity from its records. However, the location cannot be narrowed any more accurately than that. The Defendant is clearly choosing to play "hide and seek." Given that the Defendant is evading any reasonable means of locational detection, Plaintiff will be unable to obtain traditional proof of service on the Defendant.

The only reason to even consider denying the motion would be if it were prohibited by international agreement. "Rule 4(f)(3) also allows service 'by other means not prohibited by international agreement, as the court orders.'" *In re Potash Anti-Trust Litig.*, 667 F. Supp. 2d 907. 929 (N.D. Ill. 2009) (allowing alternate service when requiring traditional service on foreign defendants would be futile). There is no <u>relevant</u> international agreement with Costa Rica or China that prohibits service via email.

The requested relief serves the public interest by preserving the integrity of the United States' intellectual property laws. If international scofflaws are allowed to hide behind anonymity and false addresses, and believe that they can hide with impunity from United States courts as long as they remain outside of the United States, then intellectual property theft will simply flow offshore—rendering American copyright law meaningless for want of service of process. Service upon Defendants in Costa Rica was specifically approved of in *Rio Props.* 284 F.3d at 1013. If the Defendant is really in his native China (there is no evidence that he is, but it is worth considering contingent facts), the Hague Convention <u>might</u> then be implicated.

However, since the Defendant's actual whereabouts in China (if he is there) are unknown, the Hague Convention does not apply. Hague Service Convention, art. 1.

Accordingly, Plaintiff requests issuance of an order permitting alternative methods of service of the Summons and Complaint pursuant to Fed R. Civ. P. 4(f)(3) and 4(h)(2) by email to the Defendant's last known (and self-listed) email, support@siteripking.com, and upon the email address revealed by the Name.com subpoena response, kankaqi@gmail.com.

**C.    Email Service on the Defendant is not Prohibited by International Agreement.**

    **i.    The Hague Convention**

The Hague Convention of November 15, 1965 on The Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters governs foreign service process for signatory nations. See Convention on Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 15 No. 6638 (hereinafter "Convention"). China is a signatory to the Hague Convention; Costa Rica is not. The Convention only applies when the <u>actual</u> <u>location</u> of the Defendant is known. Hague Service Convention, art. 1. Given that the Defendant's actual location is unknown, even if Gan has returned to China from Costa Rica, the Hague Convention does not apply to impede any alternate service. See *Chanel, Inc. v. Liu Zhixian*, 2010 U.S. Dist. LEXIS 50745, *6-7 (S.D. Fla. 2010).

> Article 1 of the Hague Service Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, art. 1. As discussed above, [plaintiff] has attempted to verify Defendant's addresses and has determined that each address is false, incomplete, or invalid for service of process. Consequently, the Hague Service Convention does not apply. *Id.*; accord *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("[T]he Hague Convention does not apply when a defendant's address is unknown."); *Popular Enters., LLC v. Webcom*

> *Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same). International law, therefore, does not prohibit Plaintiff from serving Defendant via e-mail.

*Id.*

Gan's actual address is unknown. The Defendant provides a Costa Rica address in his account information: Tangulms Tangulms; Costa Rica; Costa Rica; 10903. This address was listed underneath a privacy mask, which was removed when this litigation was brought to the attention of the Defendant's privacy service. Either the Defendant is in Costa Rica without any known physical address or the Defendant is in China without any known physical address. In any possible factual scenario it is proper for this Court to authorize alternate service and neither the Hague Convention nor any other international agreement would be offended. Email service is the most reliable and permitted method by which to serve the Defendant.

### ii.     Email Service

District courts routinely allow plaintiffs to serve foreign defendants by sending the summons and complaint by email. Fed R. Civ. P. 4(f)(3) and 4(h)(2); *Rio Props.*, 284 F.3d 1007; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007); *Project Honey Pot, et al. v. Andrey Chernuk, et al.*, No. 1:11-cv-0015-LMB-JFA at Doc #27 (E.D. Va Sep. 16, 2011) (allowing service by email and by Facebook posting). The Plaintiff has been previously allowed to use this very same type of service in similar cases. *Liberty Media Holdings, LLC v. DomainClub Privacy Service et. al.*, No. 0:10-cv-61492-WPD at Doc. #15 (S.D. Fla. Jan. 25, 2011); *Liberty Media Holdings, LLC v. Vinigay.com et. al,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. March 3, 2011). Nothing negative resulted, and those cases were efficiently prosecuted once the court authorized such service upon international scofflaws who were playing hide and seek with the Plaintiff.

In *Nanya Tech. Corp. v. Fujitsu, Ltd.,* 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam, January 26, 2007), the District of Guam explained the rationale for alternate service:

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. *Rio Props.*, 284 F.3d 1007, 1017. All that is required under Rule 4(f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond." The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech.*, 2007 U.S. Dist. LEXIS 5754

Service of process by email is an appropriate method of serving foreign individuals. This is especially so when defendants are "sophisticated participants in e-commerce," and "[Plaintiff] has provided email addresses for defendant … and related website addresses through which [defendants] conduct e-commerce," as is the case with this Defendant. *Williams,* 231 F.R.D. at 7487; see also *Chanel, Inc.*, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. 2010).

The domain name and corresponding website set up by the Defendant are online entities. Defendant conducts business solely using the Internet. Dillon Dec. ¶ 36-37. Defendant is technologically advanced and familiar with multitudes of online platforms. Dillon Dec. ¶ 18-19, 28. As such, email is the natural method for contacting this Defendant. See *Rio Props.*, 284 F.3d 1017-18 (individuals doing business online were most likely to be reached via email). Alternative service comports with constitutional notions of due process. *Rio Props.*, 284 F.3d at 1016. To meet this standard, the method of service must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections. *Id* at 1016-17, citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts must adapt to changes and advances in technology and embrace them when they aid in the efficient prosecution of disputes. *Rio Props.*, 284 F.3d at 1017 (quotations omitted). Nor can justice be hamstrung by efforts of defendants to avoid service of process. Online intellectual property thieves like the Defendant in this case often lack a permanent or enduring physical presence, and are most reliably found through alternative means. If such defendants rely on their Internet presence to commit and hide their illegal activities, they should be not only unsurprised when this medium is used for service of process, but they should be comfortable with it.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Ex Parte Application for an Order holding that Sheng Gan f/k/a Defendant Protected Domain Services Customer NCR-3356109 d/b/a SiteRipKing.com may be validly served via email to the last known email address provided in his Whois information (support@siteripking.com), and the email address discovered through subpoena upon Name.com, (kankaqi@gmail.com). Service should be deemed effective when transmitted by email.

Dated:  December 29, 2011

Respectfully submitted,

__s/ Marc J. Randazza_____
Marc J. Randazza, Esq.
6525 Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
mjr@randazza.com
Attorney for Plaintiff
Liberty Media Holdings, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that no service is required of the foregoing, as no party other party has made an appearance in this action.

__s/ Marc J. Randazza_____