IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02754–MSK–KMT

LIBERTY MEDIA HOLDINGS, LLC,

    Plaintiff,

v.

SHENG GAN f/k/a PROTECTED DOMAIN SERVICES CUSTOMER NCR-3356109 d/b/a SITERIPKING.COM, and
JOHN DOES 2-10,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Second *Ex Parte* Motion for Early Discovery." (Doc. No. 24, filed Mar. 8, 2012 [Mot.]), as well as Plaintiff's "Status Report" (Doc. No. 25, filed Mar. 8, 2012 [Status Rpt.]).

In its, Motion, Plaintiff seeks to conduct additional discovery, prior to the conference provided for by Fed. R. Civ. P. 26(f), to discover the true and correct location of Defendant Sheng Gan (hereinafter "Defendant"). Specifically, Plaintiff seeks a court order permitting it to issue subpoenas to Google's services YouTube.com and gmail.com; Mozilla; douban.com; DashX Entertainment; Bluehost.com; and to other third parties. Additionally, Plaintiff seeks permission to serve interrogatories on, and/or conduct the depositions of, any individual

identified by the above subpoenas in order to determine Defendant's true location. For the following reasons, Plaintiff's Motion is granted in part and denied in part.

As background, Plaintiff has already sought, and been granted, relief to conduct discovery prior to the Rule 26(f) conference. (*See* Doc. No. 12, filed Nov. 9, 2011.) Based on that discovery, Plaintiff was able to identify Defendant by name—Defendant was previously identified as a John Doe Defendant—and, consequently, Plaintiff amended its Complaint accordingly. (*See* Doc. No. 14, filed Dec. 29, 2011.) However, Plaintiff was unable to discover Defendant's location. As such, Plaintiff sought permission from the court to serve Defendant by alternative means pursuant to Fed. R. Civ. P. 4(f)(3)—first by email addresses it believed were held by Defendant, and then by publication on an internet website. (*See* Doc. Nos. 15 & 18.) The court denied Plaintiff this relief based on concerns that Plaintiff's proposed method of alternative service failed to comply with constitutional notions of due process. (*See* Doc. Nos. 17 & 21.) Accordingly, Plaintiff now seeks to redouble its efforts to locate Defendant.

As outlined in the court's prior Order permitting Plaintiff to conduct expedited discovery, Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order." Fed.R.Civ.P. 26(d); *Arista Records, LLC v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008). In this district, courts have permitted such expedited discovery upon a showing of good cause. *Pod-Ners v. Northern Feed & Bean of*

*Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

The court finds that Plaintiff has demonstrated good cause to serve subpoenas pursuant to Rule 45.  Thus far, Plaintiff has commendably utilized the discovery mechanisms previously made available to it by the court to identify Defendant.  However, those efforts will likely be for naught if Plaintiff is foreclosed from conducting additional discovery to determine Defendant's location.  Despite Plaintiff's better efforts, its inability to discover Defendant's whereabouts has prevented Plaintiff from serving Defendant in a manner consistent with both Fed. R. Civ. P. 4 and constitutional due process.  Additionally, 47 U.S.C. § 551 prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure." 47 U.S.C. § 551(c)(2)(B). Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendant's location without additional court-ordered discovery.  Having considered Plaintiff's arguments, the court finds that such discovery is necessary "before this suit can progress further," *Arista Records,* 551 F. Supp. 2d at 3, and that, as a consequence, Plaintiff has shown good cause to serve subpoenas pursuant to Fed. R. Civ. P. 45 on Google's services YouTube.com and gmail.com; Mozilla; douban.com; DashX Entertainment; Bluehost.com; and other third parties prior to the Rule 26(f) conference.

However, the court will not permit Plaintiff to serve interrogatories or, at this juncture, conduct depositions of individuals identified through its Rule 45 subpoena efforts.  First, as to

serving interrogatories, Fed. R. Civ. P. 33 only permits a party to serve interrogatories on another party. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff has not suggested that any of the individuals it will identify via serving Rule 45 subpoenas are parties to this litigation.

Second, as to conducting depositions, Rule 30(a)(2) provides that

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d), unless the parties certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time.

Fed. R. Civ. P. 30(a)(2)(A)(iii). Here, as Plaintiff has not identified any of the individuals that it seeks to depose, it has not intimated that its proposed deponents are expected to leave the United States and not return. More importantly, for the same reason, the court is unable to determine whether Plaintiff's proposed depositions are consistent with Rule 26(b)(2) and Rule 45. *See, e.g.,* Fed. R. Civ. P. 26(b)(2)(iii) (Providing that the court must limit the frequency or extent of discovery to the extent it determines that the burden or expense of the proposed discovery outweighs its likely benefit). Indeed, the court finds that granting Plaintiff such *carte blanche* authority to conduct depositions prior to the Rule 26(f) conference would be inconsistent with Rule 30(a)(2). Accordingly, the court will instead consider Plaintiff's request to conduct such depositions if and when Plaintiff files an appropriate motion to conduct the deposition of particular individual(s).

Finally, in its Status Report, Plaintiff seeks an extension of time to serve Defendant as it is "exerting good faith efforts to efficiently and accurately locate and serve the Defendant

through proper legal channels." (Status Rpt. at 2.) Because the court finds that Plaintiff has thus far made diligent efforts to serve Defendant and that the pre-Rule 26(f) conference discovery authorized in this Order may assist Plaintiff in ascertaining a more precise location at which to properly serve Defendant, pursuant to Fed. R. Civ. P. 4(m), the court grants Plaintiff an additional 90 days to serve Defendant consistent with Fed. R. Civ. P. 4.

Therefore, it is

ORDERED that "Plaintiff's Second *Ex Parte* Motion for Early Discovery" (Doc. No. 24) is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion is GRANTED insofar as Plaintiff is permitted to serve subpoenas pursuant to Fed. R. Civ. P. 45 on Google's services YouTube.com and gmail.com; Mozilla; douban.com; DashX Entertainment; Bluehost.com; and other third parties prior to the Rule 26(f) conference. This order is made pursuant to 47 U.S.C. § 551(c)(2)(B). Plaintiff's Motion is DENIED to the extent that Plaintiff seeks to serve interrogatories on, and conduct the depositions of, individuals not yet identified through their Rule 45 subpoena efforts.

It is further

ORDERED that Plaintiff shall serve Defendant pursuant to Fed. R. Civ. P. 4 no later than June 21, 2012.

Dated this 23rd day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge